# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOLOGA TOILOLO, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>AACH HOLDING CO., NO. 2, LLC, a Florida limited liability company; AACH HOLDING CO., LLC, a Florida limited liability company; SARDINHA AND CILEU MANAGEMENT, INC., a California corporation; *in personam*, and F/V ISABELLA, U.S. Coast Guard official number 1212240, her engines, tackle, apparel, furniture, and appurtenances, *in rem*, and DOES 1 through 20, inclusive,<br><br>    Defendants. | Civil No. 10cv1651 JAH (NLS)<br><br>ORDER DENYING WITHOUT PREJUDICE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 3 [Docket No. 56]; REQUIRING IN PERSON MEET AND CONFER OF LEAD TRIAL COUNSEL; AND REQUIRING LEAVE OF COURT PRIOR TO FILING ANY ADDITIONAL DISCOVERY DISPUTES |

This is a Jones Act case involving an accident on the high seas that occurred on June 29, 2009 on the U.S. flag tuna purse seiner F/V ISABELLA. For the following reasons, the Joint Motion for Determination of Discovery Dispute No. 3 is Denied without Prejudice.

**I.     RULES GOVERNING DISCOVERY AND DISCOVERY DISPUTES**

The deadline for completion of discovery in this case was August 10, 2012. [Docket No. 33.] The Scheduling Order explained:

> "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cutoff date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.

[Docket No. 31 at 1-2.]

Chambers rules require:

> Any motion to compel discovery or a motion for a protective order relative to discovery shall be brought by joint motion as described in Section "D" below and filed no later than 45 days after the date upon which the event giving rise to the dispute occurred. For oral discovery, the event giving rise to the dispute is the completion of the transcript of the affected portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the service of the response, not the date on which counsel reach an impasse in meet and confer efforts

[Civil Case Procedures at 2.]   Chambers Rules also provide:

> **Meet and Confer Requirements:** Counsel must meet and confer on all issues **before** contacting the court. If counsel are located in the same district, the meet and confer must be in person. If counsel are located in different districts, then telephone or video conference may be used. In no event will meet and confer letters, facsimiles or emails satisfy this requirement.

[Id. at 3.]

## II.   FAILURE TO MEET AND CONFER AND TO FILE PROPER JOINT MOTION

The purpose of these rules is to ensure that discovery disputes are handled in a timely and efficient manner.  This has not happened in this case.  In the motion presently pending before the court, the deposition in question took place on July 26 and 27 of this year.  The dispute was not put in front of the court until October 16, 2012 and even then it was presented without a proper meet and confer conference and in a needlessly confusing manner.

The declaration of Mr. Banning states that the parties discussed the issue in person and by telephone on August 2, 2012. [Banning Decl. ¶ 3.]  Although the parties cannot agree when the draft or final version of the deposition transcript were completed, they do agree that no transcript had been received on August 2, 2012.[1]  The parties exchanged emails on August 2, 13, and 15 and then again two months later on October 2 and 10, 2012.   The parties did not fulfill the requirement to meet and confer in a meaningful manner.  The in-person discussion prior to receipt of any transcript is insufficient.

The parties have also failed to present the dispute in a reasonable manner.  The parties have presented a Joint Motion that is 28 pages long [Docket No. 56]; a separate memorandum of points and authorities from Plaintiff, which Defendants claim they did not receive prior to the filing of the Joint

---

[1] Mr. Cogswell claims the transcripts were received on August 28, 2012, Mr. Banning claims they were not finalized until September 17, 2012.

Motion; a declaration submitted by Mr. Banning after the joint motion [Docket Nos. 57, 58] which included more argument on the motion; a declaration from Mr. Cogswell [Docket No. 60] disputing the separate declaration of Mr. Banning; and a second declaration from Mr. Banning replying to Mr. Cogswell's declaration [Docket No. 62]. Thus the parties are not responding to the arguments made by the other side in a coherent manner.

**III.   TIMELINESS OF MOTION**

The parties have not reached agreement on whether the motion was timely brought. The Court will resolve those issues now and will not hear further argument on the timeliness of the motion.

First, the dispute as to the documents produced in response to the 30(b)(6) deposition notice is not timely. Defendants did produce documents at the July 26, 2012 deposition of 30(b)(6) representative Alvarez. [Doc. No. 56-3 at 8-9.] That started the 45 day clock running. The parties sought leave on October 5, 2012 to extend the time to bring the dispute, but the clock had run on September 10, 2012.[2] Accordingly, any motion relating to documents requested in the 30(b)(6) deposition notice issued to AACH and AACH No.2 is untimely and will not be heard by the Court.

Second, the dispute as to the length, adequacy of preparation, and conduct of the 30(b)(6) depositions of AACH and AACH No.2 is timely. Plaintiff provides a letter from the court reporter stating that original certificates were incorrectly dated and that the certified transcripts were provided on September 19, 2012. [Docket No. 57-3.]  Thus, the time had not run on October 5, 2012 when the request for extension was filed.

**IV.   CONCLUSION**

Because the meet and confer was not sufficient and the motion was not presented in a manner that allowed efficient resolution, It Is Hereby Ordered that the Join Motion for Determination of Discovery Dispute No. 3 is Denied without Prejudice. It is Further Ordered that:

    1.    No later than November 5, 2012, Mr. Banning and Mr. Cogswell will meet and confer **in person** and shall discuss **ALL** issues remaining in dispute in relation to the depositions of AACH and AACH No.2.

---

[2] When the Order granting the extension was issued, the court was under the impression that no documents had been produced at the deposition and the clock had not started on that date.

2. If the parties are unable to resolve the dispute, not later than **November 9, 2012** they will provide a declaration signed by both lead counsel detailing the issues discussed at the meet and confer conference. NotS later than **November 13, 2012** Plaintiff will provide to Defendant all materials it will submit in connection with a renewed Joint Motion for determination of this dispute except for a rebuttal argument not to exceed 3 pages. Plaintiff's submissions will consist of not more than 7 pages of argument and a declaration submitted solely to present the relevant portions of the deposition notices and transcripts. Not later than **November 19, 2012** Defendants will provide to Plaintiff all of their submissions, not to exceed 10 pages of argument and a single declaration submitted solely to provide the court with any relevant portions of the deposition notices and transcripts not included in Plaintiff's declaration. Not later than **November 26, 2012** Plaintiff shall file the complete Joint Motion.

3. The parties must obtain leave of court prior to filing any additional discovery motions. The request for leave must consist of a declaration that lead trial counsel have met and conferred **in person** about all issues in dispute. The parties may each submit a single page setting forth all arguments as to the timeliness of the motion and a single page as to the merits of the dispute presented. The court will then either grant leave and provide a briefing schedule or deny leave.

IT IS SO ORDERED.

DATED: October 25, 2012

*[signature]*

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court